IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY L. JOHNSON,

        Plaintiff,

v.                                                                                           No. 18cv510 KG/JHR

UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,
CITY OF SANTA FE POLICE DEPARTMENT,
DAVID WEBB,
SANTA FE WEST MHC,
DAVID WEBB,[1] and
UNKNOWN DEFENDANTS,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 31, 2018 ("Complaint"). For the reasons stated below, the Court will DISMISS this case without prejudice for lack of subject-matter jurisdiction.

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff alleges that Defendants stole her mail, stole her identity by changing her mailing address, intimidated her and "hacked all [her] devices."

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

---

[1] The Complaint indicates there are two defendants named David Webb. *See* Doc. 1 at 1-2, 4.

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

Plaintiff has not met her burden of showing that the Court has jurisdiction over this matter. Plaintiff is a citizen of New Mexico and alleges that the two Defendants named David Webb are also citizens of New Mexico. *See* Complaint at 1-2. Consequently, there is no properly alleged diversity jurisdiction. *See Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006) (to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties"); *Dutcher v. Matheson,* 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant"). While the form Complaint states "Jurisdiction is invoked pursuant to 28 U.S.C. § 1343[a](3), 42 U.S.C. § 1983," there are no allegations that Defendants deprived Plaintiff of any right, privilege or immunity secured by the Constitution or any federal law. Where the form Complaint states "[i]f you wish to assert Jurisdiction under different or additional statutes, you may list them below," Plaintiff wrote "unknow[n] at this time." Complaint at 2. Plaintiff's Complaint does not otherwise contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

The Court will dismiss the Complaint without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

IT IS ORDERED that this case is DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE